IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**COMMONWEALTH OF VIRGINIA,**

v.                                                              Civil Action No. 3:15cv718

**AYEM EL,**

       **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Ayem El's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(1).[1] (ECF No. 1.) This matter also comes before the Court upon Ayem El's[2] examination of the Notice of Removal from the Hopewell

---

[1] The statute reads, in pertinent part:

**(a)(1)** [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

[2] The Motion to Proceed *in Forma Pauperis* captions the case as *Commonwealth of Virginia v. Ayem El.* (*See* ECF No. 1.) The General District Court for the City of Hopewell, Virginia (the "Hopewell General District Court") action that Ayem El seeks to remove proceeds under the name he labels a "misnomer": Anthony Diante Paschal. (*See* Not. Removal 1, ECF No. 1-1; Show Cause Summons 1, ECF No. 1-2.) The Court will use the name Ayem El in this Memorandum Opinion for ease of reference.

Ayem El has attempted to remove this action once before. The Court found that no proper grounds for removal existed and summarily remanded the action to the Hopewell General District Court. (*See Commonwealth v. Ayem El*, No. 3:15cv633 (ECF No. 3) (remanded Nov. 6, 2015).)

General District Court, filed pursuant to 28 U.S.C. § 1455.[3] 28 U.S.C. § 1455(b)(4) requires that this Court order a summary remand if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). For the reasons that follow, "it clearly appears" that "removal should not be permitted" in this action. *Id.* Therefore, this Court lacks subject matter jurisdiction in this action. The Court will summarily remand this matter to the Hopewell General District Court. The Court will further deny Ayem El's Motion to Proceed *in Forma Pauperis* and any incorporated motions as moot.

## I. Procedural and Factual Background

On November 25, 2015, Ayem El filed a Notice of Removal with this Court pursuant to Section 1455.[4] (ECF No. 1-1.) To the Notice of Removal, Ayem El attaches a Show Cause Summons, dated October 27, 2015, ordering him to appear before the Hopewell General District, to answer for violations of conditions of release, specifically "curfew violations [and] received [sic] new charge [sic]." (Mot. Ex. 2, at 1 ("Show Cause Summons"), ECF No. 1-2.) Ayem El also attaches two subpoenas *duces tecum* seemingly submitted to the Hopewell General District Court, which sought the "most recent edition of the 'Magistrate Manual'" and the "EIN

---

[3] The statute provides, in pertinent part: "**(a) Notice of Removal.** A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . . ." 28 U.S.C. § 1455(a).

[4] Ayem El also asserts that removal is proper pursuant to 28 U.S.C. § 1441, which allows removal of "civil actions." 28 U.S.C. § 1441(a). Ayem El further claims that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (granting federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States") and 28 U.S.C. § 1340 (conferring original jurisdiction on federal district courts over "any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage").
Ayem El's jurisdictional arguments founder. The Show Cause Summons plainly demonstrates that the underlying state action is criminal in nature. Sections 1441, 1331, and 1340 do not apply here. *See Dugas v. Hanover Cty. Circuit Court*, No. 2:08cv72, 2008 WL 4153765, at *2 n.6 (E.D. Va. Sep. 5, 2008) (noting that Section 1443 "is the only removal statute that can be construed to allow removal of criminal prosecutions in State court").

2

established for the feeder organization known as the 'City of Hopewell.'" (Mot. Ex. 2, at 2–3, ECF No. 1-2.) Ayem El provides no information about any relevance of these subpoenas.

The substance of Ayem El's Notice of Removal alleges that the conditions placed upon his release by the Hopewell General District Court, including a $7,500 bail, violate various federal rights. Ayem El avers that this amount of bail violates his rights under the Eighth Amendment to the United States Constitution[5] because it is excessive. Ayem El further contends that the administration of his bail has been arbitrary and discriminatory. Ayem El asserts that the Hopewell General District Court requires certain conditions to his bail that he is unable to meet. Specifically, Ayem El claims that he cannot call his pre-trial officer every day, as required, because he cannot afford telephone service and bond conditions, including curfew, prevent him from engaging in profitable commerce. Additionally, Ayem El maintains that he cannot attend his weekly meeting at the pre-trial facility because it is nearly 10 miles away and he has no personal transportation.

## II. Analysis

A defendant in a criminal proceeding in state court may properly remove the action only when he or she meets the substantive requirements of 28 U.S.C. § 1443 and the procedural

---

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

requirements of 28 U.S.C. § 1455.[6] *Dugas*, 2008 WL 4153765, at *2.[7] "Thus, the Court must determine whether the removal of his state criminal court cases complies with the pertinent federal removal statutes, thereby providing this Court with [subject matter] jurisdiction to hear these matters." *Id.* If the removing party fails to make a proper showing under Section 1443, this Court lacks subject matter jurisdiction to hear the case. *North Carolina v. Dupree*, 521 F. App'x 181, 182 (4th Cir. 2013); *accord Lott v. Duffy*, 579 F. App'x 87, 89–90 (3d Cir. 2014); *New York v. Smith*, 494 F. App'x 138, 139–40 (2d Cir. 2012); *Hawaii v. Jim*, 31 F. App'x 426, 426–27 (9th Cir. 2002); *Supreme Court of Cal. v. Kinney*, No. 3:15cv1552, 2015 WL 3488408, at *2 (N.D. Cal. June 2, 2015).

---

[6] Ayem El's Notice of Removal raises concerns that Ayem El has failed to comply with the procedural requirements in Section 1455. First, Section 1455(b) requires that a removing criminal defendant file his or her notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial." Contrary to this requirement, Ayem El's Notice of Removal, filed November 25, 2015, appears to follow, rather than precede, his hearing set for October 27, 2015.

Second, Ayem El does not attach, or even outline the facts of, the underlying order he is charged with violating. This omission appears to violate 28 U.S.C. § 1455(a), which requires a defendant removing a criminal prosecution from state court to file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a); *see Williams v. Suffolk City Circuit Court*, Nos. 3:11cv125 & 3:12cv78, 2012 WL 6099090, at *1 n.4 (E.D. Va. Dec. 7, 2012).

The Court could summarily remand on Ayem El's failure to comply with the procedural requirements of Section 1455 alone. However, the Court has a duty to construe *pro se* filings liberally. *Steele v. Capital One Home Loans, LLC*, 594 F. App'x 215, 216 (4th Cir. 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Accordingly, the Court will conduct an analysis of the substantive requirements of Section 1443.

[7] In *Dugas*, this Court noted that a criminal removal must comply with the procedural requirements of 28 U.S.C. § 1446. 2008 WL 4153765, at *2. In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112-63, § 103, 125 Stat. 758, 759–62 (2011). This Act limited Section 1446 to the removal of civil actions and added Section 1455 to govern the procedural requirements for the removal of criminal prosecutions from state courts.

A criminal defendant seeking to remove a matter pursuant to Section 1443 must show that the prosecution proceeds:

> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or,]
>
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. To determine whether Ayem El's attempted removal is proper, the Court examines, seriatim, the two avenues to removal provided by Section 1443.

### A. Ayem El Cannot Remove His Criminal Prosecution Pursuant to Section 1443(1)

#### 1. Standard For Removal Under Section 1443(1)

This Court uses a two-prong test to determine whether a criminal action in state court may be properly removed to federal court under Section 1443(1). First, the removing party must show that the "'right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality.'" *Lee-Bautista v. Bautista*, 633 F. App'x 148, 149 (4th Cir. 2016) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)); *accord Upchurch v. Wheeler*, 878 F.2d 1431, 1989 WL 74875, at *1 (4th Cir. July 6, 1989) (per curiam) (unpublished table decision). Second, "it must appear . . . that the removal petitioner 'is denied or cannot enforce' the specified rights" in state court. *Lee-Bautista*, 633 F. App'x at 149 (citing *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)); *accord Upchurch*, 1989 WL 74875, at *2. This provision typically requires a showing that the "denial [of that right] be manifest in a formal expression of state law." *Upchurch*, 1989 WL 74875, at *2 (quoting *Johnson*, 421 U.S. at 219); *see City of Greenwood, S.C. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under Section 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations

5

where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.") (citation omitted).

### 2. Ayem El Does Not Assert a Right of Racial Equality

This Court lacks jurisdiction over this action pursuant to Section 1443(1) because Ayem El does not allege a violation of any right couched in terms of racial equality. Importantly, Section 1443(1) does not serve to remedy "the violation of . . . constitutional rights phrased in terms of general rights applicable to all citizens." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016); *Dugas*, 2008 WL 4153765, at *3. Rather, the removing party must first show that the state action denies him or her a "right guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (footnote omitted) (quoting *Rachel*, 384 U.S. at 792); *Williams v. Richmond Circuit Court*, No. 3:12cv55, 2013 WL 1856237, at *2–3 (E.D. Va. Apr. 29, 2013); *Suffolk City Circuit Court*, 2012 WL 6099090, at *2–3; *Dugas*, 2008 WL 4153765, at *2–3.

Ayem El fails to make a proper showing for the removal of a criminal proceeding under Section 1443(1). Ayem El alleges no violation of a federal right couched in terms of racial equality. Ayem El avers only that the $7,500 bail ordered by the Hopewell General District Court violated a broad Eighth Amendment right. (Not. Removal 2.) Broad contentions regarding the violation of constitutional rights of general applicability do not provide proper grounds for removal. *Johnson*, 421 U.S. at 219. The failure to show injury to a federal right couched in terms of racial equality proves fatal to a removal action under Section 1443(1). *See Peacock*, 384 U.S. at 825. This Court cannot establish subject matter jurisdiction over this action through Section 1443(1) and must remand the matter to the Hopewell General District Court

6

unless Ayem El can make a proper showing under Section 1443(2). *See Lee-Bautista*, 633 F. App'x at 149; *Northrup v. North Carolina*, 461 F. App'x 211, 212 (4th Cir. 2012).

### B. Ayem El Cannot Remove His Criminal Prosecution Pursuant to Section 1443(2)

#### 1. Standard For Removal Under Section 1443(2)

Section 1443(2) consists of two distinct clauses. The first "color of authority" clause, *Baines v. City of Danville, Va.*, 357 F.2d 756, 771 (4th Cir. 1966), *aff'd*, 384 U.S. 890 (1966) (per curiam), permits removal when the defendant is prosecuted "[f]or any act under color of authority derived from any law providing for equal rights." 28 U.S.C. § 1443(2). The "color of authority" clause "confers a privilege of removal only upon 'federal officers and . . . persons assisting such officers in the performance of their official duties.'" *Folts v. City of Richmond*, 480 F. Supp. 621, 626 (E.D. Va. 1979) (citing *Peacock*, 384 U.S. at 815, 824); *accord Brown-Bey*, 637 F. App'x at 689.

The second "refusal" clause, *Baines*, 357 F.2d at 772, permits removal when the defendant is prosecuted "for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The "refusal" clause "is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Baines*, 357 F.2d at 772; *accord Brown-Bey*, 637 F. App'x at 689.

#### 2. Ayem El Is Not a State or Federal Officer

This Court has no jurisdiction over this action pursuant to Section 1443(2) because Ayem El does not allege that he is a federal officer, a person assisting a federal officer in the performance of their official duties, or a state officer. Absent this threshold requirement, a removing party cannot utilize Section 1443(2). *Peacock*, 384 U.S. at 815, 824; *Baines*, 357 F.2d at 772; *Folts*, 480 F. Supp. at 626. The absence of any claim by Ayem El that he has conducted

or assisted official conduct precludes him from seeking removal under Section 1443(2).[8] The Court cannot establish subject matter jurisdiction over this action through Section 1443(2).

### III. Conclusion

For the reasons articulated above, no subject matter jurisdiction over this matter exists. Therefore, this Court must remand the matter to the Hopewell General District Court. *Lee-Bautista*, 633 F. App'x at 149; *Northrup*, 461 F. App'x at 212. The Court will deny Ayem El's Motion to Proceed *in Forma Pauperis* as moot. *See North Carolina v. Mitchell*, 76 F. Supp. 3d 618, 620 (E.D.N.C. 2014). An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: July 12, 2016

---

[8] Even if Ayem El had alleged this threshold requirement, he would still have to show that the "law providing for equal rights," 28 U.S.C. § 1443(2), was one couched in terms of racial equality. *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530, 535 (6th Cir. 1970). While Section 1443(2) speaks in terms of "equal rights" and not the phrase "equal civil rights" found in Section 1443(1), courts have held that Section 1443(2) claims require redress specifically toward racial equality. *See id.* at 535 & n.3. This is true, in part, because Congress enacted the antecedent to Section 1443 as part of the Civil Rights Act of 1866, which was designed to address racial inequality. *Baines*, 357 F.2d at 759 n.7 (citing Civil Rights Act of 1866, ch. 31, 14 Stat. 27); *see Rachel*, 384 U.S. at 791–92 (outlining the legislative history of the 1866 Act).